# United States District Court
for
## Middle District of Tennessee

## Superseding Petition for Summons for Offender Under Supervision
### [Supersedes Petition Filed as Docket Entry No. 1703]

Name of Offender: <u>Emily Carol Bradley</u>  Case Number: <u>2:11-00002-13</u>

Name of Judicial Officer: <u>Honorable Aleta A. Trauger, U.S. District Judge</u>

Date of Original Sentence: <u>December 20, 2012</u>

Date of Revocation Sentence: <u>April 10, 2013</u>

Original Offense: <u>21 U.S.C. § 846, Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone, Hydrocodone, and Alprazolam</u>

Original Sentence: <u>12 months' probation</u>

Revocation Sentence: <u>Three months' custody and two years' supervised release, with first year in an inpatient, residential drug treatment program</u>

Type of Supervision: <u>Supervised release</u>  Date Supervision Recommenced: <u>July 2, 2013</u>

Assistant U.S. Attorney: <u>Hal McDonough</u>  Defense Attorney: <u>Isaiah S. Gant</u>

---

## PETITIONING THE COURT

__X__ To Consider Additional Violations/Information.
____ To issue a Summons.
____ To issue a Warrant.

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other
☒ Consideration of Additional Violations/Information. *at hearing set 6/13/14 at 2:00 p.m.*

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

Considered this __11th__ day of __June__, 2014, and made a part of the records in the above case.

/s/ Amanda Michele
Amanda Michele
U.S. Probation Officer

/s/ Aleta A. Trauger
Aleta A. Trauger
U.S. District Judge

Place  Nashville, TN

Date  June 10, 2014

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 1703, has been amended as follows:

> Violation No. 2 - has been updated to include an additional positive drug test result for oxycodone on June 4, 2014.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.　　Nature of Noncompliance

1. **The defendant shall spend the first year, of her two-year-term of supervised release, in an inpatient, residential drug treatment program, at the defendant's expense.**

   On March 5, 2014, Ms. Bradley was discharged from Synergy in Memphis, Tennessee, for violation of non-negotiable rules. Specifically, Ms. Bradley was fraternizing with another resident at the facility and both were subsequently discharged from the program.

   When questioned by the probation officer, Ms. Bradley admitted to having a relationship with the other resident, but reported she was doing well in the inpatient, residential drug treatment program, having completed eight months of the program.

2. **The defendant shall refrain from any unlawful use of a controlled substance.**

   On May 28, 2014, Ms. Bradley tested positive for oxycodone. Her urine sample was mailed to the testing laboratory and the positive result was confirmed on June 3, 2014.

   When questioned by the probation officer, Ms. Bradley reported she found a single 15 milligram Roxicet pill in a donation box at her employment. She advised she initially intended to flush the pill down the toilet, but decided to swallow it instead. Ms. Bradley could provide no explanation as to why she decided to ingest the pill, just stated, "I screwed up."

   On June 4, 2014, Ms. Bradley, again, tested positive for oxycodone. Her urine sample was mailed to the testing laboratory and the probation office is awaiting confirmation.

   When questioned by the probation officer regarding this additional positive test result, Ms. Bradley admitted she lied to the probation officer on May 28, 2014. She admitted she found two 15 milligram Roxicet pills in the donation box, not one, as she previously reported. Ms. Bradley admitted she took the second pill on June 2, 2014, and could provide no explanation as to why she would do this. She continued to say she "screwed up" and knew what she did was wrong/illegal.

**Compliance with Supervision Conditions and Prior Interventions:**
Emily Carol Bradley is currently employed and lives in Crossville, Tennessee, with her mother and step-father. Ms. Bradley was originally sentenced to 12 months' probation on December 20, 2012, and she was due to terminate supervision on December 19, 2013. The first three months of supervision were to be served on home confinement and Ms. Bradley satisfied that requirement on April 7, 2013.

A report was submitted to the Court on February 7, 2013, regarding Ms. Bradley's admitted violation of using Hydrocodone and Percocet, given to her by a co-worker. The probation officer reprimanded Ms. Bradley for violating her conditions of supervision and warned her of the possible ramifications of her actions. Ms. Bradley was specifically instructed not to purchase, possess, use, distribute, or administer any controlled substance not prescribed to her by a doctor. The Court ordered no action on February 7, 2013.

A petition was submitted to the Court on March 8, 2013, regarding Ms. Bradley's admitted violations of using Oxycodone, given to her by a friend, and failure to pay her special assessment. The Court issued a summons on March 14, 2013, and she was ordered to report to the U.S. Marshal's office on or before March 28, 2013. Ms. Bradley reported on her summons, as directed, on March 28, 2013, and her revocation hearing was scheduled for April 10, 2013. At her revocation hearing, Ms. Bradley's attorney suggested Ms. Bradley enter, and successfully complete, a long-term inpatient substance abuse treatment program. Ms. Bradley pled guilty to violating the conditions of her probation. Her probation was revoked, she was ordered to serve three months' custody, followed by two years' supervised release. The first year of her supervised release was to be spent in an inpatient, residential drug treatment program, at her expense. Upon the completion of the inpatient program, if she remained free of violations for three months, the probation office would submit a request that supervised release terminate at that point.

At the time of her revocation hearing, Ms. Bradley was advised of the serious health concerns of using medications not prescribed to her. She had previously completed two 28-day inpatient substance abuse treatment programs, both at New Leaf Recovery Center in Cookeville, Tennessee; one in 2005 and the other in 2012. Ms. Bradley was participating in outpatient substance abuse treatment at Cumberland Mountain Mental Health Center in Crossville, Tennessee, and attended Narcotics Anonymous at the Fourth Dimension, also in Crossville. Her substance abuse counselor was aware of the drug test results and admission to ongoing use of prescription pain medications.

Following Ms. Bradley's discharge from Synergy on March 5, 2014, the probation officer has drug tested her on nine different occasions and the results were all negative, except for the most recent test on May 28, 2014. Ms. Bradley was referred back to Cumberland Mountain Mental Health for outpatient substance abuse treatment. She is currently participating in substance abuse treatment, as recommended by her therapist and the probation officer, as well as attending Narcotics Anonymous meetings at the 4th Dimension, both in Crossville, Tennessee.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
It is respectfully recommended that this additional violation be considered at a revocation hearing to be held before Your Honor, currently set for June 13, 2014. This matter has been reported to Assistant U.S. Attorney Hal McDonough, who concurs with the recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. EMILY BRADLEY, CASE NO. 2:11-00002-13

**GRADE OF VIOLATION:** C  
**CRIMINAL HISTORY:** I

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003   PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | **2 years (Class C Felony)**<br>*18 U.S.C. § 3583(e)(3)* | **3-9 months**<br>*U.S.S.G. § 7B1.4* | **9 months** |
| SUPERVISED RELEASE: | **At least 3 years**<br>*21 U.S.C. § 841(b)(1)(C)* | **1-3 years**<br>*U.S.S.G. § 5D1.2(a)(2)* | **No recommendation** |

18 U.S.C. § 3583(e)(3) The Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. *U.S.S.G. § 7B1.3(a)(2).*

Respectfully Submitted,

*/s/ Amanda Michele*  
Amanda Michele  
U.S. Probation Officer

Approved: */s/ Britton Shelton*  
Britton Shelton  
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Emily Carol Bradley

2. **Docket Number** *(Year-Sequence-Defendant No.)* 2:11-00002-13

3. **District/Office** Middle District of Tennessee - Nashville

4. **Original Sentence Date** 12 / 20 / 2012
                                      *month  day  year*

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Shall spend the first year, of her two-year-term of supervised release, in an inpatient, residential drug treatment program, at the defendant's expense. | C |
| Shall refrain from any unlawful use of a controlled substance. | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*     **C**

9. **Criminal History Category** *(see §7B1.4(a))*     **I**

10. **Range of Imprisonment** *(see §7B1.4(a))*     **3-9 months**

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____    Community Confinement _____

    Fine($) _____    Home Detention _____

    Other _____    Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002